For plaintiff: Philip C. Joslin.

For defendant. Greenough, Lyman & Cross.

Maurice S. Markovitz
vs. }No. 75082
Interstate Furniture Co.

January 10, 1931.

BLODGETT, P. J. Heard without the intervention of a jury.

Action by plaintiff to recover commission and salary claimed to be due from defendant.

Plaintiff was a salesman and collector for a corporation engaged in selling furniture upon the installment plan. As such he was entitled under an agreement with defendant to a salary of $45 a week and an allowance of $12 a week for expenses in running an automobile. This is conceded by defendant.

In regard to the commission to be paid for such sales of furniture as might be made by plaintiff, there is a dispute between the parties. Plaintiff's duty was to make sales and collections in Rhode Island and Connecticut. On such sales he was entitled to receive a certain commission, in some cases five per cent. and in some ten. He also claimed to be entitled to a commission for such sales as were made by other salesmen upon the floor of the store of defendant, provided such sales were made to customers sent by him to such store. The custom of plaintiff was to give to such customers his personal card, such card to be delivered to the salesman making the sale upon the floor, and it then became the duty of such salesman in reporting such sale to the office to record on the sales slip the name of plaintiff, thus entitling him to a commission on such sale.

Defendant claims the agreement was that plaintiff, to entitle him to a commission on such sales as were made by other salesmen upon the floor, should provide the customer with what was termed a "prospect card." That in such case plaintiff would be entitled to receive a commission only when such sale was accepted by defendant and the amount due on such sale had been paid by the purchaser. Defendant claims such a system to be necessary in a business where thousands of sales were made in the course of the year and the initial amount paid by the customer was sometimes only one dollar.

Plaintiff has filed a bill of particulars setting forth each sale upon which a commission is claimed.

Defendant agrees that as to certain names in such bill the plaintiff is entitled to a commission. The amount conceded to be due on such sales is $172.20 and a further commission of $35.60 on a sale to one Lord, makes a total of $208.

The bookkeeper for defendant testified from the records of defendant the accounts as they appeared upon such records as to each sale claimed by plaintiff. Many of them did not appear upon such records. Many of such sales were cancelled and the goods returned to the store.

The Court is of the opinion that the version of the agreement as maintained by defendant is the more reasonable and that plaintiff is only entitled to a commission upon such sales as were made thereunder.

At the time plaintiff was discharged by defendant there was due defendant on collections made by plaintiff the sum of $58.49.

Defendant further claims that $150 was advanced to plaintiff upon accounts which subsequently were unpaid by the purchasers and cancelled by the defendant.

At the time of discharge plaintiff was further entitled to salary and expenses for one week, viz.: $57.

This makes the amount due plaintiff $265. Deducting from said amount $208 due defendant from plaintiff leaves a balance due of $57. Upon this plaintiff is entitled to interest of $6.83.

Decision for plaintiff for $63.83 and costs.

For plaintiff: Peter W. McKiernan.

For defendant: Robinson & Robinson.